CRANE CO., Plaintiff,

v.

The ANACONDA COMPANY, Defendant.

The ANACONDA COMPANY, Plaintiff,

v.

CRANE CO., Defendant.

Nos. 75 Civ. 4400 IBW and 75 Civ. 4535 RO.

United States District Court, S. D. New York.

Oct. 29, 1975.

Lord, Day & Lord, New York City, for Crane Co.; John W. Castles III, Norman Pacun, David Marks, New York City, of counsel.

Chadbourne, Parke, Whiteside & Wolff, Skadden, Arps, Slate, Meagher & Flom, New York City, for The Anaconda Co.; Melvin D. Goodman, Edward C. McLean, Jr., William P. Frank, New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

The Crane Co. (hereinafter "Crane") has requested an order to show cause why a temporary restraining order and a preliminary injunction should not issue in connection with the continuing saga of Crane's attempt to exchange its subordinated debentures for 22.7 per cent stock in The Anaconda Company.

When Crane announced its intention to register the subordinated debentures for the exchange offer, Anaconda responded in part by seeking a preliminary injunction in the District Court for the District of Montana. Crane moved to have that action transferred to this district and Judge Russell E. Smith ordered the transfer. At the same time Crane sought a preliminary injunction against Anaconda for alleged violations of the Williams Act, 15 U.S.C. § 78m(d), and a hearing was had on the consolidated actions and the matter is presently *sub judice.* A part of Anaconda's complaint is that Crane, by taking such a large position in Anaconda stock, may be creating incipient problems under the antitrust laws. While the original complaint is somewhat vague, it appears that such problems would be of a vertical and reciprocal nature.

Within the past few days Anaconda has approved the purchase for cash of the Walworth Co., a horizontal competitor of Crane Co. It is agreed that no disclosure of the negotiations leading to such attempted acquisition has been made by Anaconda.

Crane now seeks a temporary restraining order to prohibit Anaconda from making the proposed acquisition, claiming that such acquisition would be in violation of Section 14(e) of the Securities Exchange Act of 1934, as amended. Crane claims that the consummation of "said acquisition is for the primary or sole purpose of defeating Crane's proposed exchange offer to the Anaconda shareholders and depriving said shareholders of the opportunity to exchange their Anaconda stock thereunder." Since Crane presently owns no stock in Anaconda, Anaconda has replied that Crane has no standing to seek a restraining order. It is also alleged that Anaconda had a valid corporate purpose in attempting to arrange the acquisition.

Section 14(e) provides in pertinent part that "it shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made . . . not misleading, or to engage in any fraudulent, deceptive, or manipulative act or practices, in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation."

Anaconda's argument that Crane does not have standing is rejected solely as to Crane's allegations of a violation of § 14(e) of the Securities Exchange Act. Since, however, Crane holds no shares of Anaconda, any claims as to corporate waste would be dismissed. It is clear that once Crane announced its exchange offer and filed with the Securities and Exchange Commission its registration of the debentures in the exchange, it had a real interest in Anaconda and the activities of Anaconda's Board of Directors. *Cf. Chris Craft Indus., Inc. v. Piper Aircraft Corp.* 480 F.2d 341 (2d Cir.), *cert. denied,* 414 U.S. 910, 94 S.Ct. 231, 38 L.Ed.2d 148 (1973).

██ But standing alone to seek a temporary restraining order does not entitle one to this extraordinary relief. The questions are (1) whether Anaconda prior to the consummation of the acquisition was required to disclose its negotiations so that it would not "make any untrue statement of material fact or omit to state any material fact" and (2) whether such negotiations constitute fraudulent, deceptive or manipulative acts or practices." While it is the policy of the Securities Acts and Regulations to require full disclosure, that disclosure is not required until such time as the material facts are in esse. *S.E.C. v. Texas Gulf Sulpher Co.*, 401 F.2d 833, 850 (2d Cir. 1968), *cert. denied*, 394 U.S. 976, 89 S.Ct. 1454, 22 L.Ed.2d 756 (1969). The consummation of the negotiations by Anaconda for a competitor of Crane is yet to come about. The negotiations do not appear to constitute a fraudulent, deceptive or manipulative act or practice prohibited by statute.

Crane has moved to amend its complaint to allege violations of Section 14(e) and also to take expedited discovery on the matter. That motion is granted providing the amended complaint is filed within two days of this opinion.

██ It is noted that the burden of proof will be on Crane to show that the *sole* reason for the acquisition is an attempt to violate the section. A hearing on this question as presented in the motion for a preliminary injunction will be held on November 12, 1975. In all other respects the application by Crane is denied.

A copy of this *memorandum* is being forwarded to the Securities and Exchange Commission and to the Antitrust Division of the Department of Justice.

IT IS SO ORDERED.